1  Scott Tinsley
2  1275 Central Blvd #155
   Brentwood, California 94513
3
4  Defendant in my Private
   Capacity
5

**FILED**

FEB 09 2023

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

6           District Court of the United States
7              In and For Northern California
8

9                                    ) CASE NUMBER:   **AGT**
10 Scott Tinsley,                     )
                                      )  **CV23-0587**
11      Plaintiff,                    )
12      vs.                           ) **CLAIM FOR DAMAGES UNDER**
                                      ) **UNDER THE AMERICANS WITH**
13 KCM Brentwood, LLC                 ) **DISABILITIES ACT, TITLE 42 §**
14  Does 1-10,                        ) **12181, 12182, ET SEQ., TITLE 42**
                                      ) **SECTION 1983, DEPRIVATION**
15         Defendants                 ) **OF RIGHTS UNDER COLOR OF**
16                                    ) **AUTHORITY**
                                      )
17                                    )
18 _____)
19

20   1. I, Scott Tinsley (hereinafter, "Defendant", "I", "me", my"), in my private
21
22 capacity rely upon <u>Haines v. Kerner</u>, 404 US 519 (1972), pursuant to the
23 limitations imposed upon me as Defendant and this Tribunal by Article II of the
24
25 Constitution For the United States of America. and the Fourth, Fifth, Fourteenth,
26 and Seventh Amendments to the Constitution of the united States of America, with
27 _____
   Complaint For Damages -           Page  1
28

authority and unalienable right to seek redress of grievances under the Americans with Disabilities Act, Title 42, US Code §§ 12181, and 12182 and Civil Rights violations for violation of the due process clause of the Fourteenth Amendment. and object to the actions taken and omissions of the Defendantson the grounds stated below. The court has jurisdiction under Article Three of the Constitution For the United States of America and the Federal Statutes cited above.

2. I am a developmentally disabled adult, who has received a Social Security payment, since I was 18 years old. Regional Center, a service bureau for disabled people was receiving my monthly Social Security check and paying my bills from the proceeds of these monthly checks. There was a lapse in my Social Security payment recently because of an administrative requirement related to production of records for a job I had at a hardware store. Regional Center had a duty to me to resolve the administrative matter with the Social Security Administration on my behalf, but failed to contact me or social security and failed to take steps to restore my monthly Social Security disability check. The Defendant KCM Brentwood, LLC, was receiving my monthly rent check from Regional Center regularly for several years and suddenly the check stopped arriving because of the administrative hold imposed by Social Security described above. The Defendant KCM Brentwood, LLC at all times had a duty to give actual notice to me, the Plaintiff of the fact that the rental payments from Regional Center had ceased

because of errors and gross negligence by Regional Center, who is the Defendant's Social Security Rep Payee.

3. The Defendants had a duty to the Plaintiff, knowing that the rental payments ceased in August of 2022, and that the rent was being paid by Regional Center as the Rep Payee, to give me notice and opportunity to address the cause of the delinquent rent and to contact Regional Center to make arrangements to correct their negligent act that caused the Social Security payment to cease. Regional Center is a large service center who provides services to developmentally disabled adults throughout the East Bay-Area, and has the knowledge and familiarity with the administrative procedures to resolve this issue easily.

4. The fact that the Defendant, KCM Brentwood, LLC my landlord did not attempt to address the delinquent rent issue by discussing this issue with me, the Plaintiff caused the delinquent rent to remain unpaid for four months. This is discrimination against me as a disabled American, since the Defendants knew that I was disabled and knew that I was unaware of the fact that the rent check was not being sent by Regional Center, and the Defendants, and all of them could have resolved the matter easily, knowing that as a disabled person who cannot manage my own financial matters I was relying on Regional Center to restore the Social Security check so that the landlord could be paid the monthly rent.  This is also a failure to make reasonable accommodations regarding the delinquent rent. The

Defendants and all of them, knew that I, the Plaintiff, am developmentally disabled and they had a duty to take swift action to address the issue of delinquent rent. The Defendants, KCM Brentwood, has filed an Unlawful Detainer case against me rather than talking to me about the delinquent rent, knowing that I had no way of knowing that the rent check was not being paid by Regional Center. The Defendants, and all of them had a duty to give me notice and opportunity to address the delinquent rent so that I could contact Regional Center and ask them to restore the monthly Social Security check to ensure that I would not be evicted.

5. I, Scott Tinsley, the Plaintiff, do deny that the Defendant has Powers to enforce the UD Statutes in this matter because the Defendants did not take corrective action in this matter, by notifying the Plaintiff, as discussed. The Plaintiff violated my procedural and substantive due process rights under the Fourteenth Amendment. Notice and opportunity is an essential element of due process and must be provided for those who are in a fiduciary relationship to the Defendant. See *Fuentes v. Shevin*, (1972) 407 U.S. 67, which states:

> For more than a century the central meaning of procedural due process has been clear: "Parties whose rights are to be affected are entitled to be heard; and in **order** that they may enjoy that right they must first be notified." *Baldwin v. Hale,* 1 Wall. 223, 233. See *Windsor v. McVeigh,* 93 U. S. 274; *Hovey v. Elliott,* 167 U. S. 409; *Grannis v. Ordean,* 234 U. S.

Complaint For Damages -          Page  4

385. It is equally fundamental that the right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U. S. 545, 552.

6. The Plaintiff knew that the Defendant is developmentally disabled and needed to make reasonable accommodations because of his disability. This is a violation of the Americans With Disabilities Act, Title 42 US Code, § 12181 and 12182, et Seq. This is also a violation of Title 42 US Code, § 1983, Deprivation of Rights Under Color of Authority, since the Plaintiff filed an Unlawful detainer case against the Defendant, rather than using a simple administrative process to resolve the issue of late rent. The acts and omissions of the Defendants involved oppression fraud and malice, and require exemplary damages.

7. With the fact that the Defendant is developmentally disabled and easily qualifies for Social Security Disability benefits under federal law, this temporary gap in payments could have been easily resolved and addressed by the Plaintiff by contacting Regional Center if the Defendant had contacted me regarding the delinquent rent.

8. A private party who is not a government agent or a government entity can be held to be liable under Title 42 Section 1983 as a state actor, where the private

party has invoked the powers of a government agency or entity to violate the rights of a complainant. I ask the court to uphold my rights to due process of law requested in this complaint filed against the Defendant and to each cause of action asserted in the complaint.

### Parties to the Case

9. I, Scott Tinsley, the Plaintiff am the Plaintiff, and I am suffering from a developmental disability as an adult, and I have been relying upon Regional Center to pay my rent from a Social Security check for which they are the payee. As discussed, the Social Security disability check stopped arriving at Regional Center for several months and I was unaware of this fact. My landlord, KCM Brentwood, LLC, and Doe defendants never notified me of the delinquent rent and filed an eviction against me, while discriminating against me and failing to make reasonable accommodations which would have allowed me to make arrangements to pay the rent. Therefore, the Defendants have failed to make reasonable accommodations because of my disabilities as required under the Americans with Disabilities Act. Reasonable accommodations would have been an attempt to tell me about the delinquent rent checks so that I could make arrangements to resolve the issues of late rent payments. I have reason to believe that there are management employees working for the Defendants who participated in the

Complaint For Damages -            Page 6

violations of the laws cited above. I do not know at this time the names and identities of these doe defendants but will amend this claim for damages when this information becomes available.

10. I the Defendant, Scott Tinsley, herein declare and state that *the Plaintiff engaged in acts that constitute violations of the Fair Debt Collection Practices Act, fraud, The Americans With Disability Act, breach of contract and acts in violation of the covenant of good faith and fair dealing.* The Plaintiff has unclean hands, having failed to resolve this matter administratively, which is surprising since a social security recipient is a very reliable and financially stable renter, normally, and yet the Plaintiff chose to file a UD case instead of using a simple administrative process to resolve the issue of the loss of rent. By failing to give me notice and opportunity to resolve the issue of unpaid rent and by failing to notify me that the rent was not being paid, the Plaintiff created a housing crisis for me that was entirely unnecessary. I am a developmentally disabled adult and I have been receiving my only source of income through a service bureau called Regional Center, which receives my social security payment each month and then pays my monthly expenses, including rent. By failing to notify me of the lack of a monthly payment, due to the negligence of Regional Center, my landlord created the legal foundation for an eviction from my apartment, which deprives me of my housing because of the landlord's intransigence and negligent acts of failing to give me

Complaint For Damages -           Page  7

notice and opportunity to address the problem, and obtain a remedy through contact with Regional Center. This is an act of bad faith because the landlord knew that a third party was paying the rent and I would have no way of knowing that the third party had failed to pay the rent for several months. Furthermore, the landlord knew that I was receiving a rent check from Regional Center each month and knew that I would not know that Regional Center was not paying the rent unless I was given notice of that fact by the landlord. The Plaintiff by and through proxies and agents, has failed to respond to the issues related and has suddenly filed this unlawful detainer breaching a contract and violated the covenant of good faith and fair dealing, and engaging in an act of bad faith.

11. The Plaintiff engaged in overt acts of (1.) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." (<u>Molko</u> v. <u>Holy Spirit Assn.</u> (1988) 46 Cal.3d 1092, 1108 [252 Cal. Rptr. 122, 762 P.2d 46]; see <u>Seeger</u> v. <u>Odell</u> (1941) 18 Cal.2d 409, 414 [115 P.2d 977, 136 A.L.R. 1291]; § 1709.)[4] Only the last two elements are at issue in this case, by failing to recognize that I, the tenant am mentally disabled and I am incapable of responding to some of their requests related to tenancy.

Complaint For Damages -            Page 8

12. The claim has been made by the Plaintiff that I was not paying the rent for four months, however they never contacted me to resolve the issue with Regional Center as discussed above. This is deliberate negligence. They know that Regional Center pays my monthly rent check each month because that is where the monthly check has been coming from. Notice and opportunity is an essential element of due process rights, see Simon v. Craft, 182 U.S. 427 (1901), which states:

> "The essential elements of due process of law are ... Notice and The Opportunity to defend."

13. The landlord has engaged in acts of harassment and surveillance, which is at times bizarre and annoying. I have been followed by the landlord's employees when shopping for groceries and when I walk into the retail shopping areas of Brentwood. The landlord has entered my apartment when I have been away from the apartment and widened the space under the door, so that they could insert a camera under the door. They subsequently inserted a camera under the front door. They have used an electronic device to obtain a visual image behind walls, which they employed when I was taking a shower. While they did this I could hear them commenting and critiquing my body.

14. The landlord is currently violating the terms and conditions of the Americans with Disabilities Act, by discriminating against me because of my

Complaint For Damages -        Page 9

disability, knowing that I am not functioning with the normal adult intellectual capacity that would enable me to understand a written contract and I am not in control of the social security funds that are used to pay my monthly rent.

15. The Plaintiff has further filed this unlawful detainer as a discriminatory action because, the social services agency that pays my rent directly, failed to pay the rent for four months. The Plaintiff failed to notify me of the late rent as discussed, so that I could rectify the situation.

## FIRST CAUSE OF ACTION

Violation of the Fair Debt Collection Practices Act

16. I, the Plaintiff, do hereby incorporate by reference each of the above paragraphs in this pleading as if fully incorporated herein.

The Defendants did hereby violate the Fair Debt Collection Practices Act by taking an action that they could not take, since I am a developmentally disabled adult and I could not have known that my rent check was not being paid because the rent was being paid by Regional Center, a third-party agent acting as a payee of my social security check. Pursuant to the Fair Debt collection Practices Act, I seek a remedy under Title 15 US Code, §§ 1692e False Representations (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. Given that

the Defendants knew that a third party was paying the rent and that I am developmentally disabled, I am unable to know that my rent was not being paid, and that the landlord either knew or should have known that I cannot be discriminated against under the Fair Debt Collection Practices Act and the Americans with Disabilities Act, Title 42, § 12182, et seq.

17. I seek declaratory and injunctive relieve under the statute.

## SECOND CAUSE OF ACTION

Violation of the Americans with Disabilities Act

18. I, the Plaintiff, do hereby incorporate by reference each of the above paragraphs in this pleading as if fully incorporated herein.

19. The Defendants either knew or should have known that it is unlawful to discriminate against a developmentally disabled adult, especially where such person does not know that the rent was not being paid and the Defendant could easily have notified the Plaintiff of the delinquent rent so that the matter could be resolved administratively. Pursuant to the Americans with Disabilities Act, Title 42, § 12182, Et Seq., it is unlawful to discriminate against a Developmentally Disabled Adult and evict me rather than notify me of the delinquency of the rent payments. It is also required that accommodations be made for disabled Americans

Complaint For Damages -          Page 11

I seek the statutory award of damages in the amount of $ 75,000.00 for a first-time violation of the Americans with Disabilities Act.

### THIRD CAUSE OF ACTION

**Violation of Title 42, US Code, § 1983, Violation of the Fourteenth Amendment, Due Process Clause**

20. I, the Plaintiff, do hereby incorporate by reference each of the above paragraphs in this pleading as if fully incorporated herein.

21. I, the Plaintiff, hereby ask for relief under Title 42 US Code § 1983, which makes it unlawful for the Defendants to deprive me of my rights to due process under the Fourteenth Amendment by failing to give me notice and opportunity that the rent was not paid so that I could make contact with Regional Center and address the delinquent rent issue. Under a decision by the US Supreme Court in Adikes v. Kress, (1970) 398 US 144, the court ruled that a private party can be held liable under Title 42 US Code, § 1983 where they are working with the police or another government agency. The Court in Adikes v. Kress, supra, stated the following:

> Moreover, a private party involved in such a conspiracy, even

though not an official of the State, can be liable under § 1983. **"Private persons, jointly engaged with state officials in the prohibited action, are acting `under color' of law for purposes of the statute.** To act `under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents," *United States v. Price,* 383 U. S. 787, 794 (1966).[7]

22. The Defendants engaged the services of the Superior Court of Contra Costa County in order to file this case and used the Contra Costa Superior Court as a vehicle to violate all of the rights described herein, including the above-described civil rights statute.

## Relief Sought

23. I seek statutory damages in the amount of $ 75,000.00 for violation of the Americans with Disabilities Act, and pursuant to Title 15, US Code § 1692k I seek the statutory damages of $ 1, 000.00 dollars in accordance with the FDCPA cited above. I also seek punitive damages in the amount of $ 30, 000.00 from the Defendants for their acts of oppression fraud and malice.

Respectfully Submitted,

Dated: February 9th , 2023

Complaint For Damages -              Page 13

By: *Scott Tinsley*
Scott Tinsley, In my Private Capacity

## Verification

I have read the *SECOND AMENDED COMPLAINT FOR DEPRIVATION OF RIGHTS UNDER COLOR OF AUTHORITY AND VIOLATION OF THE AMERICANS WITH DISIABILITIES ACT AND A VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT* and know the contents thereof to be true; and the same is true of my own knowledge, except to the matters which are therein stated on my information and belief, and as to those matters I believe them to be true. The foregoing is true, correct, complete and not misleading and made under penalty of perjury under the laws of the United States of America.

Sealed by the voluntary act of my own hand on this ___9th___ day of the ___Febuary___ month, in the Year of our Lord, two thousand and twenty-three, in the fourth century of the Independence of America.

*Scott Tinsley*

Scott Tinsley

Complaint For Damages -        Page 14