UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TINSLEY,<br><br>          Plaintiff,<br><br>     v.<br><br>KCM BRENTWOOD, LLC, et al.,<br><br>          Defendants. | Case No.  23-cv-00587-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Defendants KCM Brentwood, LLC and Todd Brisco move to dismiss Scott Tinsley's first amended complaint. ECF 9. Tinsley opposes the motion, ECF 13, which is suitable for disposition without hearing pursuant to Civil L.R. 7-1(b). Having carefully considered the parties' papers, the relevant legal authority, and good cause appearing, the Court GRANTS the motion WITH LEAVE TO AMEND as to the first and second causes of action and WITHOUT LEAVE TO AMEND as to the third cause of action.

I.     BACKGROUND

  A.     Factual Background

Tinsley is a developmentally disabled adult who has been receiving Social Security benefits since he was 18 years old. ECF 4 at 2. A regional center serving disabled individuals had been receiving Tinsley's Social Security check and paying his bills, including rent, from those funds. *Id.* At some point, due to a claimed administrative hold, the service bureau stopped sending Tinsley's rent payments. *Id.* When the rent payments stopped, Tinsley's landlord, KCM Brentwood, engaged attorney Todd Brisco to commence eviction proceedings.[1] *Id.* at 4, 7.

---

[1] On Defendants' request, ECF 10, the Court takes judicial notice of the unlawful detainer complaint and other filings in the state court action pursuant to Fed. R. Evid. 201(b). *See Lee v.*

1  Tinsley alleges KCM Brentwood knew that he was disabled and that a regional center was
2  handling his rent payments. *Id.* at 2. In light of that knowledge, KCM Brentwood should have
3  given him notice and an opportunity to cure when the rent payments stopped. *Id.* at 2, 3.

### B. Procedural Background

Tinsley commenced this action against KCM Brentwood and Todd Brisco on February 9, 2023. ECF 1. Tinsley's first amended complaint, filed March 2, 2023, asserts claims under Section 1692e(5) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, ("FDCPA"), Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* ("ADA"), and 42 U.S.C. § 1983 for violation of due process under the Fourteenth Amendment. ECF 4. KCM Brentwood filed a motion to dismiss the amended complaint on March 31, 2023, with a request for judicial notice. ECF 9, 10. Tinsley filed his opposition to the motion on April 4, 2023. ECF 13.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint "'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (alterations in original)). In ruling on the motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

"[A]llegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the

---

*City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Tinsley improperly removed the unlawful detainer action to this Court. *KCM Brentwood, LLC v. Tinsley,* No. 23-00937 (N.D. Cal. Mar. 2, 2023). That related action has been remanded to state court by separate order.

2

1   opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Starr v. Baca*, 652
2   F.3d 1202, 1216 (9th Cir. 2011)). The court may dismiss a claim "where there is either a lack of a
3   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."
4   *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citing *Johnson v. Riverside*
5   *Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008)). "[T]he non-conclusory 'factual
6   content' and reasonable inferences from that content must be plausibly suggestive of a claim
7   entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).
8   When deciding whether to grant a motion to dismiss, the court generally "may not consider
9   any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d
10  1542, 1555 n.19 (9th Cir. 1990). However, the court may consider material submitted as part of
11  the complaint or relied upon in the complaint and may also consider material subject to judicial
12  notice. *See Lee*, 250 F.3d at 688-89.

### III. DISCUSSION

The proffered factual basis for each claim in Tinsley's first amended complaint is the same: Tinsley alleges KCM Brentwood was aware that he was disabled, should have notified him that his rent payments had stopped, and should have worked with him to resolve the issue before Brisco took "an action that they could not take," i.e., commencing eviction proceedings. ECF 4 at 10-13. As currently alleged, the conduct at issue is not actionable under the ADA, the FDCPA, or Section 1983. The Court addresses each in turn.

### A. Tinsley's FDCPA claim against Brisco

The FDCPA protects consumers from the use of abusive, deceptive, and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692(a). Section 1692e(5) specifically prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." *Id.* § 1692e(5). Although Tinsley alleges that "Tod[d] Brisco either knew or should have known that his client was the only person who could notify the Plaintiff that the rent was not paid," this "failure to give notice," ECF 4 at 11, does not rise to threatened action "that cannot legally be taken." To the extent Tinsley attempts to allege that the unlawful detainer complaint constitutes such threatened action, the initiation of those proceedings is alone insufficient to

1  invoke Section 1692e(5).  *See Lucore v. Zeff*, 829 F. App'x 786 (9th Cir. 2020) (district court
2  properly dismissed Section 1692e(5) claim where plaintiffs "failed to allege facts sufficient to
3  show any acts beyond attempts to repossess the property in the course of the unlawful detainer
4  proceedings"); *Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 3298249, at *4 (N.D. Cal. June
5  28, 2013) ("[A] FDCPA claim cannot be predicated on actions relating to the filing and
6  prosecution of an unlawful detainer action.").  Accordingly, the Court grants the motion to dismiss
7  as to Tinsley's FDCPA claim.  Because leave to amend should be freely granted, *see* Fed. R. Civ.
8  P. 15(a)(2), the claim is dismissed with leave to amend.

### B. Tinsley's ADA claim against KCM Brentwood

Congress passed the ADA "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities."  42 U.S.C. § 12101(b)(2).  "Title III of the ADA prohibits discrimination by public accommodations."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12181, *et seq.*).  It prohibits discrimination "'on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.'" *Id.* (quoting 42 U.S.C. § 12182(a)).  "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Id.* at 730.

Because KCM Brentwood asserts that only the third element is in dispute, *see* ECF 9 at 6, the Court limits its analysis accordingly.  Tinsley's own allegations establish that rent was unpaid and that KCM Brentwood instituted unlawful detainer proceedings as a result of non-payment of rent.  Tinsley has not alleged that KCM Brentwood took any action because he is disabled.  As a result, Tinsley has failed to state a claim under Title III of the ADA.  *See Blais v. Williston Crossing E., LLC*, No. 1:20-CV-21-AW-GRJ, 2020 WL 4043091, at *3 (N.D. Fla. May 20, 2020), *report and recommendation adopted as modified*, No. 1:20-CV-21-AW-GRJ, 2020 WL 4042809 (N.D. Fla. July 17, 2020).  The Court therefore grants the motion to dismiss Tinsley's ADA claim.

Because leave to amend should be freely granted, *see* Fed. R. Civ. P. 15(a)(2), the claim is dismissed with leave to amend.

### C. Tinsley's Section 1983 claim against KCM Brentwood

"To state a claim under Section 1983, a plaintiff must show two essential elements: (1) that the defendants acted under color of state law; and (2) that the defendants caused them to be deprived of a right secured by the Constitution and laws of the United States." *See Damian v. N. Neon Operations, LLC*, No. C 11-06416 DMR, 2012 WL 1438705, at *4 (N.D. Cal. Apr. 25, 2012). Tinsley asserts that "[a] private party who is not a government agent or a government entity can be held liable under Title 42 Section 1983 as a state actor, where the private party has invoked the powers of a government agency or entity to violate the rights of a complainant." ECF 4 at 6. He also alleges that "Defendants engaged the services of the Superior Court of Contra Costa County in order to file this case and used the Contra Costa Superior Court as a vehicle to violate" his rights. *Id.* at 13. An unlawful detainer action, however, does not constitute state action for the purposes of Section 1983. *See Brambila v. Reo Bay Area, LP*, No. C 11-03202 SI, 2011 WL 4031142, at *4 (N.D. Cal. Sept. 8, 2011) ("[T]he use of the state forum for an unlawful detainer suit does not constitute state action as required by 42 U.S.C. § 1983."). This claim thus fails as a matter of law. The Court therefore grants KCM Brentwood's motion to dismiss Tinsley's Section 1983 claim. Because further amendment would be futile, this claim is dismissed without leave to amend.

### IV. CONCLUSION

For the reasons set forth above, KCM Brentwood's motion to dismiss is granted. The first and second causes of action are dismissed with leave to amend. The third cause of action is dismissed without leave to amend. Tinsley may file a second amended complaint with 30 days of being served with this order. KCM Brentwood shall serve a copy of this order on Tinsley and file a certificate of service by no later than August 25, 2023.

In preparing a second amended complaint, Tinsley may wish to contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982 to make

an appointment to obtain legal assistance from a licensed attorney.  More information about the program is available online at the Court's website <https://www.cand.uscourts.gov>.

**IT IS SO ORDERED.**

Dated: August 21, 2023

                                                                               **A**RACELI **M**ARTÍNEZ-**O**LGUÍN
                                                                               **United States District Judge**