United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TINSLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KCM BRENTWOOD, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-00587-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 60 |

　　　　Defendants KCM Brentwood, LLC and attorney Todd Brisco move to dismiss pro se Plaintiff Scott Tinsley's third amended complaint. The motion is fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having carefully considered the parties' papers, the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion **WITHOUT LEAVE TO AMEND**.

**I.　BACKGROUND**

　　**A.　Factual Background**

　　　　Tinsley is a developmentally disabled adult who has been receiving Social Security benefits since he was 18 years old. ECF 59 ("TAC") ¶ 2. A regional center serving disabled individuals had been receiving Tinsley's Social Security check and paying his bills, including rent, from those funds. *Id.* At some point, due to an administrative hold, the service bureau stopped sending Tinsley's rent payments. *Id.* Tinsley did not know about the lapse in rent payments. *Id.* ¶ 3. Staff from the regional center did not notify him, and KCM Brentwood, whose office was "right next to [Tinsley's] former apartment and could have easily knocked on the door and told [him] about the lack of rental payments" did not do so. *Id.* Instead, Tinsley's landlord, KCM

1  Brentwood, commenced eviction proceedings.[1]  *Id.* ¶¶ 10, 26.  Tinsley alleges KCM Brentwood

2  knew that he was disabled and that the regional center was handling his rent payments because he

3  was not capable of managing his own finances.  *Id.* ¶ 5.  In light of that knowledge, KCM

4  Brentwood should have given him notice and an opportunity to cure when the rent payments

5  stopped.  *Id.*  According to Tinsley, he had no way of knowing about the lapse in rent payments

6  other than by notice from KCM Brentwood.  *Id.*

### B. Procedural Background

Tinsley commenced this action against KCM Brentwood and attorney Todd Brisco on February 9, 2023.  ECF 1.  He filed a first amended complaint on March 2, 2023, asserting claims under Section 1692e(5) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, ("FDCPA"), Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* ("ADA"), and 42 U.S.C. § 1983 for violation of due process under the Fourteenth Amendment.  ECF 4.  On March 31, 2023, KCM Brentwood filed a motion to dismiss the first amended complaint, which Tinsley opposed.  ECF 9, 13.  On August 21, 2023, the Court granted the motion to dismiss with leave to amend as to the FDCPA and ADA claims and without leave to amend as to the Section 1983 claim.  ECF 28.

Tinsley's second amended complaint followed on March 27, 2024.[2]  ECF 46; ECF 47 at 3.  On May 10, 2024, Defendants moved to dismiss.  ECF 48.  Tinsley filed an opposition to the motion on June 3, 2024.  ECF 53.  On June 6, 2024, Tinsley moved for leave to file a third amended complaint and attached a proposed third amended complaint to his motion.  ECF 59.  Defendants opposed.  ECF 57.  The Court granted the motion for leave on July 1, 2024 and ordered that the proposed third amended complaint be deemed filed as of that date.  ECF 58.  The

---

[1] On Defendants' request, ECF 61, the Court takes judicial notice of the unlawful detainer complaint and other filings in the state court action pursuant to Fed. R. Evid. 201(b).  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Those documents show that Brisco, who represents KCM Brentwood in this action, also represented the company in the unlawful detainer proceedings.  *See* ECF 61-1 at 2.

[2] The second amended complaint followed a motion to dismiss for failure to prosecute and an order to show cause.  ECF 30, 33, 46.  After a February 8, 2024 hearing, the Court denied that motion and discharged the order to show cause.  ECF 43, 47.

1    pending motion to dismiss the second amended complaint was terminated as moot. *Id.*

2        On July 19, 2024, Defendants moved to dismiss the third amended complaint, with an

3    accompanying request for judicial notice. ECF 60 ("Mot."), 61. Tinsley filed his opposition to

4    the motion on August 16, 2024.[3] ECF 63 ("Opp."). Defendants' reply followed on August 27,

5    2024. ECF 64 ("Reply"). The same day, Tinsley filed a motion to continue the hearing on the

6    motion, set for November 14, 2024, for 60 days so that he could obtain counsel. ECF 65.

7    Defendants opposed the motion. ECF 66. On September 4, 2024, the Court granted the motion to

8    continue, re-setting the hearing on Defendants' motion to dismiss to January 16, 2025. ECF 67.

9    In its order, the Court put Tinsley on notice that the Court was unlikely to grant further

10   continuances "[g]iven the extended briefing schedules previously set in this case, the opportunities

11   to amend that ha[d] been granted, and the prior referrals to the Pro Bono Project[.]" *Id.*

12   Notwithstanding this notice, Tinsley filed another motion to continue. ECF 70. On January 15,

13   2025, the Court denied the motion. ECF 71.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint " 'must . . . suggest that the claim has at least a plausible chance of success.' " *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (alterations in original)). In ruling on the motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

"[A]llegations in a complaint . . . may not simply recite the elements of a cause of action

---

[3] Defendants object to the opposition on the grounds that it is untimely. *See* Reply at 1. Given the circumstances of this case, the Court declines to disregard Tinsley's opposition due to its untimeliness.

1    [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the

2    opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Starr v. Baca*, 652

3    F.3d 1202, 1216 (9th Cir. 2011)).  The court may dismiss a claim "where there is either a lack of a

4    cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."

5    *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citing *Johnson v. Riverside*

6    *Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008)).  "[T]he non-conclusory 'factual

7    content' and reasonable inferences from that content must be plausibly suggestive of a claim

8    entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

9    When deciding whether to grant a motion to dismiss, the court generally "may not consider

10   any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d

11   1542, 1555 n.19 (9th Cir. 1990).  However, the court may consider material submitted as part of

12   the complaint or relied upon in the complaint and may also consider material subject to judicial

13   notice.  *See Lee*, 250 F.3d at 688-89.

## III. DISCUSSION

15   The operative third amended complaint alleges two claims for relief.  The Court addresses

16   each in turn.

### A.   Tinsley's FDCPA claim

18   The FDCPA protects consumers from the use of abusive, deceptive, and unfair debt

19   collection practices by debt collectors.  15 U.S.C. § 1692(a).  Section 1692e(5) specifically

20   prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be

21   taken." *Id.* § 1692e(5).

22   Tinsley alleges that "Defendants violated the [FDCPA] by taking an action that they could

23   not take, since [he is] a developmentally disabled adult and . . . could not have known that [his]

24   rent check was not being paid" because the regional center was handling rent payments on his

25   behalf.  TAC ¶ 33.  Tinsley also alleges that because Defendants knew "that a third party was

26   paying the rent and that he [was] developmentally disabled," Defendants knew that Tinsley was

27   "unable to know that [his] rent was not being paid[,]" and that Defendants knew or should have

28   known "that [he] cannot be discriminated against under the [FDCPA] and the [ADA]." *Id.* ¶ 34.

4

1  These allegations challenge the legality of Defendants threatening to evict Tinsley without taking
2  certain extra steps, i.e., alerting Tinsley that the third party handling his rent payments was no
3  longer remitting those payments on his behalf. *See id.* ¶ 59 ("I . . . deny that the Defendant has
4  Powers to enforce the UD Statutes in this matter because Defendants did not take corrective action
5  in this matter, by notifying the Plaintiff of the lapse in rental payments . . . ."). Commencing
6  eviction proceedings, however, does not rise to threatened action "that cannot legally be taken"
7  within the meaning of Section 1692e(5).[4] *See Lucore v. Zeff*, 829 F. App'x 786 (9th Cir. 2020)
8  (finding dismissal of Section 1692e(5) claim proper where the plaintiffs "failed to allege facts
9  sufficient to show any acts beyond attempts to repossess the property in the course of the unlawful
10 detainer proceedings"); *Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 3298249, at *4 (N.D.
11 Cal. June 28, 2013) ("[A] FDCPA claim cannot be predicated on actions relating to the filing and
12 prosecution of an unlawful detainer action.").

Accordingly, the Court **GRANTS** the motion to dismiss as to Tinsley's FDCPA claim. Because Tinsley has had multiple opportunities to amend his complaint, and no amendment has cured the deficiencies discussed in the order dismissing Tinsley's first amended complaint, the FDCPA claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

### B. Tinsley's ADA claim

Congress passed the ADA "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(2). "Title III of the ADA prohibits discrimination by public accommodations." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12181, *et seq.*). It prohibits discrimination " 'on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.' " *Id.* (quoting 42 U.S.C. § 12182(a)). "To prevail on a Title III discrimination claim, the plaintiff must show that

---

[4] Because the FDCPA claim fails for these reasons, the Court does not reach Defendants' additional arguments about why the claim fails specifically as to Defendant Brisco.

5

(1) []he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of h[is] disability." *Id.* at 730.

The Court limits its analysis to the third element because Defendants do not dispute that Tinsley is disabled[5] or that KCM Brentwood is a private entity that owns, leases, or operates a place of public accommodation.[6] *See* Opp. at 6. As to the sole element in dispute, Tinsley alleges that Defendants should have offered him more notice – a knock at his door and verbal notification – and refrained from evicting him because of his disability, and that by proceeding as they did, Defendants failed to reasonably accommodate his disability. TAC ¶¶ 3, 5, 16, 18; *see also* Opp. at 8, 10.

Defendants argue that these allegations are insufficient for two reasons. First, they argue that Tinsley received adequate notice in the form of the 3-day notice to pay or quit that is a prerequisite to commencing unlawful detainer proceedings. Mot. at 8. Second, Defendants argue that Tinsley does not allege that he ever requested a reasonable accommodation or that any such request was denied.[7] *Id.*

Although Tinsley disputes that he received the 3-day notice to pay or quit, *see* Opp. at 11, his ADA claim nonetheless fails. In his opposition, he states "I was never served with a three day notice to quit and by the time the Unlawful Detainer was served, it was too late to ask for an accommodation under the ADA, the Defendants were determined to evict me." Opp. at 6. He also states that "KCM Brentwood never gave [him] notices regarding the late rent for August,

---

[5] Because Defendants do not dispute that Tinsley is disabled, Tinsley's request for judicial notice of documentation of his disability, *see* Opp. at 19-21, is **DENIED AS MOOT**.

[6] Defendants dispute that Brisco is a private entity that owns, leases, or operates a place of public accommodation. The Court does not reach that argument because the ADA claim otherwise fails on the merits as discussed in this order.

[7] In reply, Defendants additionally argue that the ADA claim also fails because, in his opposition, Tinsley asserts "that Defendant KCM did make an accommodation by allegedly reaching out to Regional Center about the defaulted rent." Not so. The opposition states: Defendants "arranged, through a conversation with my case worker at the Regional Center, to receive $1,000.00 dollars from my trust account at Regional Center for a partial payment of the rent in August, a fact that [Tinsley] was not aware of until the very end of October, when [his] case worker . . . told [him] . . . ." Opp. at 12; *see also* TAC ¶ 10.

September, October, November and December, which was five months that could have allowed [him] to take corrective action." *Id.* at 9. He describes the eviction as "an ambush, with no opportunity to request modifications to their policies and procedures." Opp. at 9-10.

These assertions underscore the deficiency in the allegations in the complaint. Tinsley does not allege that he ever made a request for an accommodation, even when, in October, he learned from his case worker at the regional center that KCM Brentwood had obtained a partial payment to August rent that was overdue. *See* TAC ¶ 10. Instead, "[a]fter [he] learned that the rent check was not being sent by [the] Regional Center, [he] was relying on [the] Regional Center to restore the Social Security check so that the landlord could be paid the monthly rent." *Id.* ¶ 24. Tinsley makes no allegation that he ever communicated this to KCM Brentwood much less requested an accommodation to facilitate restoration of payment from the regional center that KCM Brentwood denied. This is fatal to his ADA claim. *See also Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1156 (9th Cir. 2003) (listing defendants' refusal to make an accommodation as one of the elements of a Fair Housing Amendments Act ("FHAA") claim and explaining that the Ninth Circuit generally applies ADA, Rehabilitation Act, and FHAA caselaw interchangeably).

Moreover, Tinsley has failed to allege that Defendants' conduct occurred as a result of his disability. The ADA claim fails for this additional reason. *See Dellaringa v. San Joaquin Cnty.*, No. 2:15-CV-1221 TLN GGH, 2015 WL 4456197, at *5 (E.D. Cal. July 20, 2015) (stating that a plaintiff "intend[ing] to allege that he was evicted from public housing because of a disability under the ADA, . . . would have to allege facts showing his disability was the reason for the eviction."). Thus, while it would have been helpful for KCM Brentwood to have done more given Tinsley's limitations, Tinsley's allegations do not rise to a claim under the ADA. *See Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1192 n.7 (9th Cir. 2021) (noting, in the context of a FHAA claim, that "[a] Department of Housing and Urban Development guidance document encourages landlords to engage in an interactive process with tenants about their disability-related needs, because doing so is often 'helpful[,]' . . . but it falls far short of requiring such a process.") (internal citation omitted).

Accordingly, the ADA claim is **DISMISSED**. Because Tinsley has failed to state a viable

claim notwithstanding the multiple opportunities to amend, the dismissal is **WITHOUT LEAVE TO AMEND**.

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**. The third amended complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk is directed to enter judgment consistent with this order and close the file in this matter.

**IT IS SO ORDERED.**

Dated: January 15, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**